IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SADEEKI SACCOH : CIVIL ACTION
:
v. : NO. 26-1978
:
LT. JOHNSON, SGT. LESCH, K9 :
BANKS, SGT. MOORE, CO1 :
SHURKOWSKI, SGT. KRONINGER, :
CPL. PRESSWOOD, CO1 SLATER, :
CPL LEARY, CO1 LOCKHART, K9 :
LESCH, CO1 ARAYA, NURSE :
GRIESSSER, CO1 DENNISON :

## ORDER

**AND NOW**, this 3rd day of April 2026, upon considering the incarcerated pro se Plaintiff's Motion to appoint counsel (ECF 7) before service of the pleadings, and finding no basis for an appointment of counsel before the close of pleadings particularly given Plaintiff's detailed recitation of facts confirming his understanding of his claim, it is **ORDERED** we **DENY** Plaintiff's Motion (ECF 7) without prejudice to be renewed, if warranted, following the close of the pleadings to aid in discovery if warranted.[1]

_____
**KEARNEY, J.**

---

[1] Although Congress in 28 U.S.C. § 1915(e)(1) permits us to appoint counsel in civil rights cases for indigent prisoners, our Court of Appeals emphasizes "volunteer lawyer time is extremely valuable," and "district courts should not request counsel . . . indiscriminately." *Tabron v. Grace,* 6 F.3d 147, 157 (3d Cir. 1993). "Civil litigants have no constitutional or statutory right to appointed counsel." *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)). Congress provided "[t]he court may request an attorney to represent any person unable to afford counsel," granting us "'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate." *Montgomery*, 294 F.3d at 498 (quoting *Tabron*, 6 F.3d at 153). Under our Court of Appeals' guidance in *Tabron*, we undertake a two-step inquiry. First, we must consider the merits of the claim, deciding whether it has

"arguable merit." *Houser*, 927 F.2d at 697 (citing *Tabron*, 6 F.3d at 155). If so, we then consider a non-exhaustive list of factors, including (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) the plaintiff's ability to retain and afford counsel. *Id.* (citing *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Tabron*, 6 F.3d at 155-56). These same factors apply to first and subsequent requests, regardless of the stage of the case, and we "should consider the *Tabron* guideposts that may be relevant . . . at the time and stage of the litigation that the request is made." *Id.* at 700.  Our Court of Appeals cautions "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (cited in *Houser*, 927 F.3d at 700).

Accepting as true the allegations, we cannot yet determine whether Mr. Saccoh's claims have arguable merit.  We will await further progress.  We cannot turn to the remaining *Tabron* factors yet.  We will have a better idea after close of the pleadings.  Even if we addressed the *Tabron* factors at this stage, we could not realistically request voluntary representation without more detail developed after the close of the pleadings.  Mr. Saccoh is capable of describing his claims as detailed in his Complaint.  The legal issues involved in this case concerning excessive force and the conditions of confinement do not require the aid of counsel at this stage.  Third, the fact investigation necessary to prosecute Mr. Saccoh's claims will be limited at this stage and may be impeded by his custodial status.  While it is possible his claims may involve credibility determinations, we are not near this issue yet.  The case may involve expert witnesses.  As for the sixth factor, Mr. Saccoh has not detailed efforts to retain counsel.  At this stage, these factors together weigh in favor of denying Mr. Saccoh's motion for appointment of counsel without prejudice.

After carefully considering our Court of Appeals's *Tabron* factors, we cannot conclude Mr. Saccoh's claims are "truly substantial" at this stage requiring counsel.  *Id.* at 156.  His filings suggest literacy, education, and ability to understand language to support a finding he is able to present his case.  Although *pro se* litigants who are incarcerated always face greater challenges than other litigants in bringing civil rights claims, which can be complex, after weighing these obstacles against the issues presented by this case, we are not persuaded an appointment of counsel is presently warranted until we can discern the necessary discovery.